**UNITED STATES of America, Appellee,**

v.

**Miguel SANCHEZ, Defendant, Appellant.**

**No. 89–2163.**

United States Court of Appeals, First Circuit.

Heard Oct. 3, 1990.

Decided Jan. 25, 1991.

---

Joel D. Landry, Providence, R.I., for defendant, appellant Sanchez.

Margaret E. Curran, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for appellee.

Before CAMPBELL, Circuit Judge, TIMBERS,* Senior Circuit Judge, and CYR, Circuit Judge.

PER CURIAM.

Appellant Miguel Sanchez pled guilty to possessing more than 100 grams of heroin for distribution, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) and 18 U.S.C. § 2, and to conspiring to distribute and to possess, for distribution, more than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 846. On each charge appellant was given a concurrent sentence of five years in prison, the statutory minimum, and a four-year supervised

release term. The sentencing court conditioned appellant's supervised release terms as follows:

> Upon release from confinement, it is order[ed] that the defendant is to be deported in accordance with 18 U.S.C. [§] 3583(d)[ ].

Sanchez argues, and the government agrees, that the quoted condition of supervised release is invalid if interpreted to mean that Sanchez is to be deported without a deportation hearing. We agree.[1]

The district court imposed the challenged condition of supervised release as permitted under 18 U.S.C. § 3583(d), which provides, in relevant part, as follows:

> If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation.

18 U.S.C. § 3583(d). As subsection 3583(d) provides no indication of a contrary legislative design, we read its language *in pari materia* with the provisions of the Immigration and Naturalization Act. *See* 2A *Sutherland Statutory Construction* §§ 51.02, 51.05 (Sands 4th ed. 1984). Thus, subsection 3583(d) simply permits the sentencing court to order, as a condition of supervised release, that "an alien defendant [who] is subject to deportation" be surrendered to immigration officials for deportation proceedings under the Immigration and Naturalization Act. In other words, following appellant's surrender to Immigration authorities, he is entitled to whatever process and procedures are prescribed by and under the Immigration and Naturalization Act for one in appellant's circumstances, for the purpose of determining whether he is "an alien defendant ... subject to deportation."

The district court judgment entails no derogation of appellant's procedural rights, nor does it arrogate any executive power

---

* Of the Second Circuit, sitting by designation.
1. Sanchez also asserts that the district court exceeded its authority by subjecting him to a four-year term of supervised release. This claim is without merit. Under 21 U.S.C.

§ 841(b)(1)(B), the court was required to impose a term of supervised release of at least four years, since Sanchez had pled guilty to a violation involving more than 100 grams of heroin.

vested in the Attorney General to determine appellant's deportability. It merely directs that appellant be made available, following confinement, for such deportation proceedings as are contemplated by and under the Immigration and Naturalization Act. In addition, as expressly authorized by subsection 3583(d), the court lawfully directed that appellant, if deported, remain outside the United States.

Thus, contrary to appellant's contention, there is no need to remand for resentencing for the limited purpose of permitting the district court to modify its judgment. As the district court expressly directed that appellant's term of supervised release be conditioned as permitted under subsection 3583(d), its judgment is amended as follows:

> As a condition of supervised release, upon completion of his term of imprisonment the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §§ 1101 *et seq.* As a further condition of supervised release, if ordered deported, defendant shall remain outside the United States.

SO ORDERED.