United States Court of Appeals,

Eleventh Circuit.

No. 94-8154.

UNITED STATES of America, Plaintiff-Appellee,

v.

Henry Olushola OBOH, aka Henry Osa Omoboh, aka James Clark, aka Derick Forest, Defendant-Appellant.

Sept. 29, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-00318-CR-1), Richard C. Freeman, Judge.

Before BIRCH and BARKETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.

BARKETT, Circuit Judge:

Henry Olushola Oboh ("Oboh") appeals from an order of deportation which the district court entered at the conclusion of Oboh's sentencing hearing pursuant to a guilty plea. Both Oboh and the government ask us to overrule our decision in *United States v. Chukwura,* 5 F.3d 1420 (11th Cir.1993), *cert. denied,* --- U.S. ----, 115 S.Ct. 102, 130 L.Ed.2d 51 (1994), in which we held that 18 U.S.C. § 3583(d) authorizes a district court to order, as a condition of supervised release, the deportation of an alien defendant. *Chukwura,* 5 F.3d at 1424. In the alternative, Oboh argues that even if we decline to reject *Chukwura,* we should vacate the deportation order because he did not have an opportunity to defend against the threshold claim that he was subject to deportation pursuant to 8 U.S.C. § 1251. Because a panel cannot

overturn one of this Court's prior decisions,[1] *Chukwura* continues to control, and accordingly we must find that the district court had authority to order Oboh deported. However, we vacate the deportation order and remand this action so that Oboh may have an opportunity to contest his deportability before the district court.

In *Chukwura,* this Court rejected the contention that § 3583(d) merely allows a district court to order a defendant who has completed a custodial sentence to be surrendered to the Immigration and Naturalization Service ("INS"), holding instead that the section authorizes a district court to independently order, as a condition of supervised release, the deportation of an alien defendant subject to deportation.[2] *Chukwura,* 5 F.3d at 1423. While Chukwura's certiorari petition was pending before the Supreme Court, the Solicitor General admitted error and agreed with Chukwura that both the government and the court had misread § 3583(d). Both Chukwura and the Solicitor General contended that the statute does not authorize the district court to order the deportation of an alien defendant unless the court's order provides that the INS carry out the deportation pursuant to the administrative procedures which the Immigration and Naturalization Act ("INA") has established. The Supreme Court, however, denied

---

[1]*Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (prior decision of Eleventh Circuit, panel or en banc, cannot be "overruled by a panel but only by the court sitting en banc").

[2]That portion of § 3583(d) dealing with aliens provides: "If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for deportation."

certiorari, 115 S.Ct. 102 (1994), leaving the government to make its argument in the instant proceeding.

Both Oboh and the government contend that this Court should apply the analysis of *United States v. Sanchez,* 923 F.3d 236, 237-38 (1st Cir.1991), in which the First Circuit read § 3583(d) *in pari materia* with the provisions of the INA. The *Sanchez* interpretation, which the Fifth Circuit recently adopted in *United States v. Quaye,* 57 F.3d 447, 449-51 (5th Cir.1995), is that § 3583(d) merely provides a means by which a district court may order that an alien defendant subject to deportation "be surrendered to immigration officials for deportation proceedings under the Immigration and Naturalization Act," after which he is "entitled to whatever process and procedures are prescribed by and under the Immigration and Naturalization Act." *Sanchez,* 923 F.3d at 237.

Both parties in the instant case assert that the *Sanchez* interpretation is consistent with the overall scheme which Congress developed to deal with questions concerning immigration law, for "the power to expel or exclude aliens [is] a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." *Shaughnessy v. Mezei,* 345 U.S. 206, 210, 73 S.Ct. 625, 628, 97 L.Ed. 956 (1953). Moreover, as the Fifth Circuit in *Quaye* recognized, any other reading of § 3583(d) "would permit district courts to deport any deportable aliens without affording them any procedural safeguards," with the exception of those aliens deportable pursuant to 8 U.S.C. § 1251(a)(2)(A), that is, those convicted of crimes of moral turpitude or aggravated felonies. *Quaye,* 57 F.3d at 450. The

inapposite result of judicial deportation is that aliens convicted of particularly heinous crimes receive, pursuant to the 1994 amendment of 8 U.S.C. § 1252a(d), "more expansive procedural checks, including the requirement that the U.S. Attorney must request deportation and that the Commissioner [of the INS] must concur." *Quaye*, 57 F.3d at 450. Nonetheless, we are bound by precedent. Because this Court in *Chukwura* found that a district court has the authority to order deportation, only the Court sitting en banc may now hold otherwise.

Notwithstanding the district court's authority under *Chukwura* to order Oboh's deportation, Oboh argues that he was never given notice or opportunity to present either evidence or argument that he was not subject to deportation at his sentencing hearing.[3] It was not until the end of the sentencing hearing, when the district court ordered Oboh to be deported, that he was made aware of any possible deportation. Neither the portion of the probation officer's presentence report which Oboh received nor any governmental action indicated that the subject of his deportability would be taken up at his sentencing. We find that Oboh was not afforded adequate notice or opportunity at his sentencing hearing to respond to the probation officer's recommendation that he be deported. In fact, it appears that Oboh was never even made aware of the basis for the recommendation. Absent such a finding, the district court did not properly order deportation pursuant to § 3583(d).

---

[3]Oboh pled guilty to producing false drivers' licenses, in violation of 18 U.S.C. § 1028(a)(1).

AFFIRMED in part;  VACATED in part;  and REMANDED.