**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5071

SHAW YAN XIANG,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-94-120)

Argued: December 8, 1995

Decided: March 11, 1996

Before WILKINS and NIEMEYER, Circuit Judges, and PAYNE,
United States District Judge for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed as modified by published opinion. Judge Niemeyer wrote
the opinion, in which Judge Wilkins and Judge Payne joined.

_____

**COUNSEL**

**ARGUED:** Bridgett Britt Aguirre, Fuquay-Varina, North Carolina,
for Appellant. John Samuel Bowler, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee. **ON BRIEF:** Janice McKenzie
Cole, United States Attorney, David J. Cortes, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

**OPINION**

NIEMEYER, Circuit Judge:

On October 11, 1994, Shaw Yan Xiang, a citizen of China and resident alien of the United States, pled guilty to credit card fraud committed in Raleigh, North Carolina, in violation of 18 U.S.C. § 1029(a)(1). The district court sentenced Xiang to 16 months imprisonment, fined him, and ordered him to pay restitution. The court also ordered, as a condition of supervised release, "that the defendant be deported" pursuant to 18 U.S.C. § 3583(d). The court's order continued, "The defendant shall be delivered to a duly authorized immigration official for deportation. If deported by the Immigration and Naturalization Service, the defendant shall not illegally reenter the United States during the period of supervised release."

Xiang interprets the district court's condition of supervised release as a direct judicial order to deport him and contends that such an order arrogates the executive power vested in the Attorney General to determine Xiang's deportability. Xiang contends further that in authorizing a court to deport a defendant, Congress violated the constitutionally established separation of powers. He argues that "the decision to deport or not to deport is one properly entrusted to an Immigration judge, not a district court judge. Deportation is an administrative proceeding not a matter properly before an Article III judge." He urges that we join the Second Circuit's decision in United States v. Olvera, 954 F.2d 788, 793 (2d Cir. 1992), holding that the Attorney General has the sole discretion to institute deportation proceedings.

The government argues that 18 U.S.C. § 3583(d) does not authorize the district court actually to deport a defendant as a condition of supervised release, "but merely provides for the Immigration and Naturalization Service (INS) to decide whether or not to order the appellant's deportation." It argues further that that is exactly what the district court did in this case. We agree.

Section 3583(d) of Title 18 provides in pertinent part:

> If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be

2

> deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation.

A natural reading of this language, considered in the context of the overall scheme for the deportation of aliens, leads us to conclude that Congress intended to permit courts to add as a condition of supervised release deportation by the INS of defendants who are deportable and, to that end, authorized the district court only to order that the defendant be delivered to the INS. The language of § 3583(d), the application of which is limited to defendants who are "subject to deportation," states that the court "may provide, as a condition of supervised release, that he be deported," and"for such deportation" authorizes the court to order delivery of the defendant to the INS. The statute does not authorize the court itself to order deportation directly.

This reading of § 3583(d)--that the INS must accomplish the deportation under its established procedures and the court only orders the delivery of the defendant to the INS for that purpose--is consistent with the overall division of responsibility that Congress created between the INS and the courts. While Congress undoubtedly has the constitutional authority to vest deportation authority in the Third Branch, it established the INS as part of the Executive Branch under the Attorney General, and gave the Attorney General far reaching authority to deport aliens, with elaborately detailed procedures for exercising that authority. See generally 8 U.S.C. §§ 1101-1503. The courts are brought into the process only after the Attorney General reaches a final decision on deportability. See 8 U.S.C. § 1105a. Congress made one exception to the Executive Branch's plenary role by providing, in limited circumstances, for direct judicial deportation of aliens convicted of aggravated felonies. See 8 U.S.C. § 1252a(d). But even in that limited instance, Congress included the requirement that the Attorney General must request the defendant's deportation and the Commissioner of Immigration and Naturalization must concur. See 8 U.S.C. § 1252a(d)(2)(B). Moreover, in executing judicial deportation, the statute requires that specified procedural safeguards be observed. See 8 U.S.C. § 1252a(d)(2). The exception that Congress provided for judicial deportation would be meaningless if we could now read § 3583(d) to authorize judicial deportation for lesser crimes without any procedural safeguards.

3

In reaching our conclusion about the proper interpretation of § 3583(d), we are persuaded by the reasoning of the First and Fifth Circuits in United States v. Sanchez, 923 F.2d 236 (1st Cir. 1991), and United States v. Quaye, 57 F.3d 447 (5th Cir. 1995), where the courts held that § 3583(d) merely provides a means by which the district court may order, as a condition of supervised release, the defendant's surrender to the INS for deportation proceedings. In following the First and Fifth Circuits, we recognize that the Eleventh Circuit has held that § 3583(d) confers upon the judiciary the power to deport directly and that it does not intrude upon the INS's ministerial responsibility to process a person ordered deported. See United States v. Chukwura, 5 F.3d 1420, 1423 (11th Cir. 1993), cert. denied, 115 S. Ct. 102 (1994). That opinion, however, may currently be in some doubt. In United States v. Oboh, 65 F.3d 900 (11th Cir. 1995), a panel of the Eleventh Circuit concluded that it was compelled to follow Chukwura, not because it agreed with the rationale, but because "only the court sitting in banc may now hold otherwise." Id. at 902. On November 13, 1995, a majority of the Eleventh Circuit voted to vacate Oboh and rehear the case en banc. United States v. Oboh, 70 F.3d 87 (11th Cir. 1995).

While the district court in this case ordered that the defendant "be deported" pursuant to 18 U.S.C. § 3583(d), it also directed that the defendant "be delivered to a duly authorized immigration official for deportation." The court added that "if deported by the Immigration and Naturalization Service, the defendant shall not illegally reenter the United States during the period of supervised release." (Emphasis added). While the district court did order the defendant's deportation as a condition of supervised release, it also recognized that the court itself would not accomplish the deportation because it ordered the delivery of the defendant "to a duly authorized immigration official for deportation." To eliminate any ambiguity, however, we modify the district court's judgment, conforming it to those entered in Sanchez and Quaye as follows:

> As a condition of supervised release, upon completion of his term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101 et seq.

4

As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States.

As so modified, we affirm the judgment of the district court.

AFFIRMED AS MODIFIED

5