PUBLISH

UNITED STATES COURT OF APPEALS
**Filed 7/26/96**TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee<br><br>v.<br><br>FONGYXMANY PHOMMACHANH,<br>aka LO,<br><br>    Defendant-Appellant. | No. 95-3248 |

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 94-10123-01)

Timothy J. Henry, Assistant Federal Public Defender (David J. Phillips, Federal Public Defender, with him on the brief) , Office of Federal Public Defender, Wichita, Kansas, for Defendant-Appellant.

David M. Lind, Assistant United Stats Attorney (Jackie N. Williams, United States Attorney, and Lanny D. Welch, Assistant United States Attorney with him on the brief), Office of United States Attorney  for the District of Kansas, Wichita, Kansas, for Plaintiff-Appellee.

Before BALDOCK, EBEL, and HENRY, Circuit Judges.

HENRY, Circuit Judge.

    In this appeal, Defendant-Appellant Fongyxmany Phommachanh challenges on

jurisdictional and due process grounds the district court's order that he be deported as a

condition of his term of supervised release. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and modify the district court's judgment.

## I. BACKGROUND

Mr. Phommachanh is a permanent resident alien in the United States. On April 26, 1995, he pleaded guilty to two counts of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Mr. Phommachanh's petition to enter a guilty plea included the following paragraph:

> I have been advised and understand that if I am not a U.S. citizen, a conviction of a criminal offense may result in deportation from the United States, exclusion from admission to the United States, and/or denial of naturalization.

Rec. vol. I., doc. 73 at 3. In addition, the United States Probation Office prepared a presentence investigation report (PSI), which advised Mr. Phommachanh that he might be deported as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Rec. vol. III, at 10. Mr. Phommachanh filed written objections to this portion of the PSI. See id. at 13-14.

At sentencing, the government asked the district court to order Mr. Phommachanh, as a condition of supervised release, to surrender to the INS to go through its administrative proceedings. See Rec. vol. II, doc. 89 at 10. The district court refused this request, stating that Mr. Phommachanh "doesn't deserve to be in the United States under any circumstances at any time ever." Id. at 10-11. At Mr. Phommachanh's sentencing

2

hearing, the district judge told Mr. Phommachanh that one of the "[s]pecial conditions of supervision" to which he was going to sentence Mr. Phommachanh was "that you be deported and if you are not deported that you will participate in a program for substance abuse at the direction of the probation office." Id. at 12-13 (emphasis added). The district court subsequently sentenced Mr. Phommachanh to twenty-five years in prison and to three years of supervised release. Rec. vol. I, doc. 81 at 2, 3. As a condition of his supervised release, the district court ordered that Mr. Phommachanh "be deported and remain outside the United States, pursuant to 18 U.S.C. section 3583(d) and U.S. v. Chukwura, 5 F.3d [1]420 (11th Cir. 1993), cert. den., 115 S.Ct. 102 [(1994)]." Id. at 3.

## II. DISCUSSION

On appeal, Mr. Phommachanh claims that the sentence imposed by the district court is illegal for two reasons. First, he argues that the district court was without jurisdiction to enter an order deporting him upon release from prison. He next asserts that the order deporting him violated his right to due process because it denied him a meaningful hearing, which he would have received from a deportation hearing provided by the Immigration and Naturalization Service (INS). We hold that the district court lacked the authority to order, as a condition of supervised release, that Mr. Phommachanh be deported. We therefore need not address Mr. Phommachanh's due process argument. See United States v. Jalilian, 896 F.2d 447, 448 (10th Cir. 1990) (refusing to reach the constitutional issue raised by the appellant where the court had another ground upon

3

which to dispose of the case).

The district court based its order deporting Mr. Phommachanh as a condition of his supervised release on 18 U.S.C. § 3583(d). Section 3583(d) states:

> If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation.

18 U.S.C. § 3583(d). Mr. Phommachanh argues that § 3583(d) only allows the district court "to order that, upon commencement of supervised release, [he] would be turned over to officials of the Immigration and Naturalization Service (I.N.S.) for them [sic] to conduct an administrative deportation hearing in accordance with the applicable statutes and I.N.S. regulations." Aplt's Br. at 8. We review de novo Mr. Phommachanh's challenge to his sentence because it involves a question of law. See United States v. Bailey, 76 F.3d 320, 323 (10th Cir.), cert. denied, 116 S. Ct. 1889 (1996); United States v. Gonzalez-Lerma, 14 F.3d 1479, 1484 (10th Cir.), cert. denied, 114 S. Ct. 1862 (1994).

Although the Tenth Circuit has not previously decided the issue of whether a district court has the authority to deport a defendant-alien as a condition of supervised release pursuant to 18 U.S.C. § 3583(d), five circuits have. The First, Second, Fourth, and Fifth Circuits have held that a district court does not have such authority under 18 U.S.C. § 3583(d); see United States v. Xiang, 77 F.3d 771, 772 (4th Cir. 1996); United States v. Quaye, 57 F.3d 447, 449-51 (5th Cir. 1995); United States v. Kassar, 47 F.3d 562, 568 (2d Cir. 1995); United States v. Ramirez, 948 F.2d 66, 68 (1st Cir. 1991);

4

United States v. Sanchez, 923 F.2d 236, 237 (1st Cir. 1991) (per curiam); whereas the Eleventh Circuit has held that it does; see United States v. Chukwura, 5 F.3d 1420, 1423 (11th Cir. 1993), cert. denied, 115 S. Ct. 102 (1994). For several reasons, we adopt the First, Second, Fourth, and Fifth Circuits' interpretation of 18 U.S.C. § 3583(d). We hold that § 3583(d) does not authorize a district court to deport a defendant-alien as a condition of supervised release, but that it instead authorizes a district court to impose as a condition of supervised release that a defendant be delivered to the INS for deportation proceedings consistent with the Immigration and Naturalization Act (INA), 8 U.S.C. § § 1101-1524.

### A. The Ambiguity of 18 U.S.C. § 3583(d)

We begin our analysis of 18 U.S.C. § 3583(d) by determining that § 3583(d) is ambiguous. While § 3583(d) allows a sentencing court to "provide, as a condition of supervised release, that [an alien subject to deportation] be deported and remain outside the United States," 18 U.S.C. § 3583(d), it then allows the sentencing court to "order that [the defendant-alien] be delivered to a duly authorized immigration official for such deportation." Id. When these two portions of § 3583(d) are read together, the proper allocation of the authority to deport the alien between the sentencing court and the INS is left unclear.

### B. Statutory Interpretation

5

## 1. Construction in Favor of the Alien

Because § 3583(d) is ambiguous, we must utilize various tools of statutory construction in order to interpret its meaning. In construing § 3583(d), a deportation statute, we are mindful of "the longstanding principle of construing any lingering ambiguities in deportation statutes in favor of the alien." See INS v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987); see also INS v. Errico, 385 U.S. 214, 225 (1966) (recognizing that doubts as to the correct construction of a deportation statute "should be resolved in favor of the alien"); United States v. Quintana, 914 F.2d 1409, 1410 (10th Cir. 1990) ("Statutes relating to deportation of aliens are liberally construed in favor of the alien concerned as the deportation penalty can be harsh.").

## 2. Textual Interpretation of 18 U.S.C. § 3583(d)

The text of § 3583(d) itself is instructive in gleaning the import of the statute. By using two different verbs to describe what a district court may do under § 3583(d), Congress presumably intended the verbs to convey their respective meanings. Section 3583(d) states that "the court may provide, as a condition of supervised release, that [an alien subject to deportation] be deported," but that it "may order that [the alien] be delivered to a duly authorized immigration official for such deportation," 18 U.S.C. § 3583(d) (emphasis added). The verb "provide" is defined as "[t]o exercise foresight in taking due measures in view of a possible event;" 12 The Oxford English Dictionary 713 (2d ed. 1989); whereas the verb "order" is defined as "[t]o . . . command [or]

6

authoritatively direct." 10 <u>The Oxford English Dictionary</u> 907 (2d ed. 1989). Had Congress intended that § 3583(d) allow the sentencing court to <u>order</u>, or "authoritatively direct," deportation, it could have easily so stated. However, its choice of the verb "provide" connotes a different, presumably intended, meaning; it allows the sentencing court "[t]o exercise foresight . . . in view of a possible event," <u>see</u> 12 <u>The Oxford English Dictionary</u> 713 (2d ed. 1989), by directing that in the event that the INS determines that the defendant-alien is "subject to deportation" upon release from prison, <u>see</u> 18 U.S.C. § 3583(d), then the defendant-alien is to be deported. <u>See Quaye</u>, 57 F.3d at 449 (recognizing that "Congress used the verb 'order' elsewhere in Section 3583(d), implying that its choice of the verb 'provide' was intentional here"); <u>see also Xiang</u>, 77 F.3d at 772 (emphasizing that § 3583(d) "states that the court 'may <u>provide</u>, as a condition of supervised release, that [the defendant] be deported,' and '<u>for such deportation</u>' authorizes the court to <u>order</u> delivery of the defendant to the INS").

### 3. Reading 18 U.S.C. § 3583(d) and 8 U.S.C. § 1251 Together

Examining the first clause of § 3583(d), we next note that the statute allows the sentencing court to provide that a defendant-alien be deported as a condition of supervised release only "[i]f [the] alien defendant is <u>subject to deportation</u>." 18 U.S.C. § 3583(d) (emphasis added). However, as explained below, the initial determination of whether an alien is subject to deportation under 8 U.S.C. § 1251 falls outside the jurisdiction of the district court. 8 U.S.C. § 1251, part of the Immigration and

7

Naturalization Act (INA) entitled "Deportable aliens," explains which aliens are subject to deportation. Thus, 18 U.S.C. § 3583(d) and 8 U.S.C. § 1251 are in pari materia, and as such, must be read and applied together. See Sanchez, 923 F.2d at 237 ("As subsection 3583(d) provides no indication of a contrary legislative design, we read its language in pari materia with the provisions of the Immigration and Naturalization Act."); see also Erlenbaugh v. United States, 409 U.S. 239, 244 (1972) ("The rule [of in pari materia] . . . necessarily assumes that whenever Congress passes a new statute, it acts aware of all previous statutes on the same subject."); United States v. Zacks, 375 U.S. 59, 67-68 (1963) ("'When there are two acts upon the same subject, the rule is to give effect to both if possible.'" (quoting United States v. Borden Co., 308 U.S. 188, 198 (1939))). The result of this simultaneous application is that § 3583(d) can only be interpreted as allowing "the sentencing court to order, as a condition of supervised release, that 'an alien defendant [who] is subject to deportation' be surrendered to immigration officials for deportation proceedings under the Immigration and Naturalization Act . . . for the purpose of determining whether he is 'an alien defendant . . . subject to deportation.'" See Sanchez, 923 F.2d at 237.

### 4. Congress's Division of Responsibility Between the Executive and Judicial Branches

Our interpretation of § 3583(d) "is consistent with the overall division of responsibility that Congress created between the INS and the courts." See Xiang, 77 F.3d

at 772-73. As the Fourth Circuit explained in Xiang, Congress "established the INS as part of the Executive Branch under the Attorney General, and gave the Attorney General far reaching authority to deport aliens . . . . See generally 8 U.S.C. § § 1101-1503. The courts are brought into the process only after the Attorney General reaches a final decision on deportability. See 8 U.S.C. § 1105a.[1]" Xiang, 77 F.3d at 773; see also Jalilian, 896 F.2d at 448 (recognizing that "Congress . . . has delegated exclusive authority to the Attorney General to order the deportation of aliens pursuant to 8 U.S.C. section 1252" and holding that the district court exceeded its authority under 18 U.S.C. § 3563 "by imposing a probation condition ordering [the alien-defendant] to leave the country"); Quaye, 57 F.3d at 449-50 (adopting this interpretation of § 3583(d) and recognizing that it "preserves Congress's long tradition of granting the Executive Branch sole power to institute deportation proceedings against aliens"); Kassar, 47 F.3d at 568 ("[T]he decision to deport rests in the sound discretion of the Attorney General.").

### 5. Judicial Deportation Under 8 U.S.C. § 1252a(d)

As the Fourth Circuit recognized, by enacting 8 U.S.C. § 1252a(d), "Congress made one exception to the Executive Branch's plenary role" regarding the deportation of aliens. See Xiang, 77 F.3d at 773. Section 1252a(d)(1) gives a district court

> jurisdiction to enter a judicial order of deportation at the time of sentencing against an alien whose criminal conviction causes such alien to be

---

[1] 8 U.S.C. § 1105a provides the procedure for judicial review of the Attorney General's orders of deportation and exclusion.

9

deportable under section 1251(a)(2)(A) of this title, if such an order has been requested by the United States Attorney with the concurrence of the Commissioner [of Immigration and Naturalization] and if the court chooses to exercise such jurisdiction.

8 U.S.C. § 1252a(d)(1). Section 1251(a)(2)(A) lists three types of criminal offenses, crimes of moral turpitude, multiple criminal convictions, and aggravated felonies, which qualify an alien for deportation. See 8 U.S.C. § 1251(a)(2)(A). Thus, § 1252a(d) provides, "in limited circumstances, for direct judicial deportation of aliens." See Xiang, 77 F.3d at 773.[2]

As discussed by the Fourth and Fifth Circuits, if we were to interpret 18 U.S.C. § 3583(d) as allowing a district court to order a defendant-alien deported as a condition of supervised release, it would result in an illogical set of judicial deportation rules: 18 U.S.C. § 3583(d) would allow judicial deportation of "any deportable aliens without affording them any procedural safeguards," while 8 U.S.C. § 1252a(d) "protect[s] deportable aliens convicted of particularly heinous crimes with more expansive procedural checks." See Quaye, 57 F.3d at 450. Additionally, if § 3583(d) were interpreted as allowing broader judicial deportation than that allowed by the subsequently

---

[2]Section 1252a(d) does not directly apply to this case because the United States Attorney did not request the order deporting Mr. Phommachanh, as § 1252a(d) requires. See Rec. vol. II, doc. 89 at 10 (explaining the government's position that "the path of least resistance" should be taken by ordering Mr. Phommachanh "to the immigration [sic] and be afforded whatever opportunities there are by way of administrative proceedings"). Because § 1252a(d) does not apply here, it does not provide the district court with the authority it lacked for its deportation order.

enacted § 1252a(d), then § 1252a(d) would be meaningless. See Xiang, 77 F.3d at 773 ("The exception that Congress provided for judicial deportation [in 8 U.S.C. § 1252a(d)] would be meaningless if we could now read § 3583(d) to authorize judicial deportation for lesser crimes without any procedural safeguards."). We do not presume that in enacting § 1252a(d), Congress performed such "a useless act." See 2B Norman J. Singer, Sutherland Statutory Construction § 49.11, at 83 (5th ed. 1992). Therefore, we do not interpret § 3583(d) in such a way as to create this nonsensical combination of judicial deportation rules.

### 6. **United States v. Chukwura in Doubt**

Finally, we note that the case upon which the district court relied in ordering Mr. Phommachanh deported as a condition to supervised release has recently been called into question. The district court relied on the Eleventh Circuit's interpretation of 18 U.S.C. § 3583(d) in United States v. Chukwura, 5 F.3d 1420 (11th Cir. 1993), cert. denied, 115 S. Ct. 102 (1994). See Rec. vol. I, doc. 81 at 3. In Chukwura, the Eleventh Circuit held that § 3583(d) "authorizes district courts to order deportation as a condition of supervised release, any time a defendant is subject to deportation." Id. at 1423. However, in a subsequent Eleventh Circuit case, United States v. Oboh, 65 F.3d 900 (11th Cir.), vacated and reh'g en banc granted, 70 F.3d 87 (11th Cir. 1995), both the United States and the defendant-alien requested that the court overrule Chukwura. See Oboh, 65 F.3d at 901. Controlled by the precedent of Chukwura, the Oboh court held that "the district court had

11

authority to order [the defendant-alien] deported." Id. The court explained that "a panel cannot overturn one of [that] court's prior decisions," id., and that "only the court sitting en banc may" do so, id. at 902. Since that decision, the Eleventh Circuit has vacated the panel opinion in Oboh and has voted to rehear Oboh en banc. See United States v. Oboh, 70 F.3d 87 (11th Cir. 1995); see also Xiang, 77 F.3d at 773 (recognizing that Chukwura "may currently be in some doubt").

Having concluded that Mr. Phommachanh's sentence is illegal because the district court lacked jurisdiction to enter the sentence, we find it unnecessary to remand the case to the district court for resentencing. The district court expressed in its judgment its intent that Mr. Phommachanh's supervised release be conditioned as allowed by 18 U.S.C. § 3583(d). See Rec. vol. I, doc. 81, at 3 (ordering "[t]hat the defendant be deported and remain outside the United States, pursuant to 18 U.S.C. section 3583(d)"); see also Sanchez, 923 F.2d at 238 (amending the district court's judgment where "the district court expressly directed that appellant's term of supervised release be conditioned as permitted under subsection 3583(d)"). Therefore, we amend the district court's judgment, as did the courts in Xiang, 77 F.3d at 773, Quaye, 57 F.3d at 451, Ramirez, 948 F.2d at 68, and Sanchez, 923 F.2d at 238, as follows:

> As a condition of supervised release, upon completion of his term of imprisonment the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §§ 1101-1524. As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States.

It is so ORDERED.