UNITED STATES COURT OF APPEALS
**Filed 8/19/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ENRIQUE LUNA-RODRIQUEZ,

    Defendant-Appellant.

No. 95-3323
(D.C. No. 91-CR-10127)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Enrique Luna-Rodriquez entered a plea of guilty to the charge of possession with intent to distribute approximately one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to sixty months' incarceration and ordered him deported as a condition of his supervised release. On appeal, defendant alleges the district court erred in declining to depart downward from the sentencing guidelines, and exceeded its authority in ordering him deported.

We first address defendant's claim that the district court erred in refusing to consider him for a downward departure absent a government motion, pursuant to section 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e). As part of its plea agreement with defendant, the government agreed to file a motion for downward departure based on defendant's substantial assistance. Subsequently, defendant failed to appear for sentencing. The government then declined to file a substantial-assistance motion based on defendant's breach of the plea agreement by failing to appear.

Defendant asserts that the district court should have evaluated his assistance to the government, and departed downward even in the absence of a government motion to do so. The district court stated that it did not have discretion to depart downward absent a motion by the prosecution where defendant had breached the plea agreement by failing to appear for sentencing.

Defendant does not challenge on appeal the district court's conclusion that defendant's failure to appear breached the plea agreement, thus absolving the government from its obligation to file a substantial-assistance motion. Instead, defendant maintains he was entitled to a downward departure because his assistance was extremely helpful to the government.

Generally, this court does not have jurisdiction to review a district court's discretionary refusal to depart downward from the guidelines when imposing a sentence. United States v. Fisher, 55 F.3d 481, 483 (10th Cir. 1995). We do have jurisdiction, however, to review a sentencing decision where the district court "erroneously believed that the guidelines did not permit a downward departure." United States v. Lowden, 905 F.2d 1448, 1449 (10th Cir.), cert. denied, 498 U.S. 876 (1990).

A court is authorized to review the government's refusal to file a substantial-assistance motion where the refusal was based on an unconstitutional motive, Wade v. United States, 504 U.S. 181, 185-86 (1992), or if the refusal violates a plea agreement made by the government, United States v. Lee, 989 F.2d 377, 379 (10th Cir. 1993). We have indicated that a court may also consider the rare instance in which the prosecution refuses to file a motion for downward departure "despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief." United States v. Kuntz, 908

F.2d 655, 657 (10th Cir. 1990)(quoting United States v. La Guardia, 902 F.2d 1010, 1017 (1st Cir. 1990)).

Defendant claims he was entitled to a downward departure in this third, rare situation, based on his substantial assistance to the government. The district court did not indicate that it was without authority to depart from the guidelines on the ground that defendant's assistance was so substantial as to cry out for relief. As noted above, the district court's statement that it did not have discretion to depart downward was in the context of defendant's breach of the plea agreement by his failure to appear. Therefore, we do not have jurisdiction to review the district court's decision not to depart downward from the sentencing guidelines based on defendant's assistance.

The other issue presented for our de novo review is whether 18 U.S.C. § 3583(d) authorizes a district court to order, as a condition of supervised release, that a convicted defendant be deported following his release from incarceration. See United States v. Acosta-Olivas, 71 F.3d 375, 377 (10th Cir. 1995)(de novo standard of review applied to district court's interpretation of statute). In relevant part, 18 U.S.C. § 3583(d) provides, "[i]f an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation."

-4-

This circuit recently announced that § 3583 does not authorize the district court to order that a defendant be deported after he is released from incarceration. United States v. Phommachanh, No. 95-3248, 1996 WL 420780, at *2 (10th Cir. July 26, 1996). Rather, the statute permits the district court to order, as a condition of supervised release, that the defendant be surrendered to the INS for a determination of whether he or she shall be deported under INS procedures. Id.; accord United States v. Xiang, 77 F.3d 771, 773 (4th Cir. 1996); United States v. Quaye, 57 F.3d 447, 449-51 (5th Cir. 1995); United States v. Kassar, 47 F.3d 562, 568-69 (2d Cir. 1995); United States v. Sanchez, 923 F.2d 236, 237-38 (1st Cir. 1991).

Moreover, if a defendant is deported by the INS, a district court is authorized to impose the further condition of supervised release that the defendant remain outside the United States until termination of his supervised release. E.g., Sanchez, 923 F.2d at 238 ("[A]s expressly authorized by subsection 3583(d), the court lawfully directed that appellant, if deported, remain outside the United States.").

Given our conclusion that § 3583(d) did not authorize the district court to order that defendant be deported, we modify the order imposing special conditions for supervised release, conforming it to those entered in Phommachanh, Xiang, Quaye, and Sanchez, as follows:

As a condition of supervised release, upon completion of his term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §§ 1101-1524. As a further condition of supervised release, if ordered deported, defendant shall remain outside the United States.

The judgment of the United States District Court for the District of Kansas

is modified as stated above, and AFFIRMED AS MODIFIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge