**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4458

HECTOR REYNERIO VENTURA, a/k/a
Hector Ventura,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4564

RENALDO OMAR GOMEZ-FELIZ, a/k/a
Junior Rivera,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-97-38-V)

Submitted: April 13, 1999

Decided: April 27, 1999

Before MURNAGHAN, ERVIN, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina; Charles L. Morgan, Jr., Charlotte, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Hector Reynerio Ventura and Renaldo Omar Gomez-Feliz* appeal their sentences for conspiracy to possess with intent to distribute drugs. Finding no error, we affirm.

I

Ventura, a permanent resident alien of the United States, pled guilty to conspiracy to possess with intent to distribute cocaine and heroin in violation of 21 U.S.C.A. § 846 (West 1994 & Supp. 1998), and was sentenced to forty-eight months' imprisonment and four years' supervised release. He now appeals his sentence, alleging that the district court erred when it ordered that he surrender to the Immigration and Naturalization Service ("INS") for deportation proceedings as a condition of his supervised release. Ventura's attorney filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), addressing whether the district court erred when it ordered that Ventura surrender to the INS for deportation proceedings as a condition of his supervised release. Counsel asserts that there are no meritorious

_____

*Gomez-Feliz used his alias, Junior Rivera, in much of the proceeding below, and his appellate brief uses the alias.

2

issues for appeal. Ventura was informed of his right to file a pro se supplemental brief, which he failed to file.

Ventura contends that the district court did not have the authority to order that he report to INS officials to be deported pursuant to 18 U.S.C.A. § 3583(d) (West 1994 & Supp. 1998), as a condition of his supervised release. Because Ventura failed to object to this condition below, we review for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). This claim is controlled by our decision in United States v. Xiang, 77 F.3d 771 (4th Cir. 1996). In Xiang, we upheld the district court's judgment ordering that the defendant surrender to the INS as a condition of his supervised release, but modified the language of the judgment to avoid any ambiguity. In the present case, the district court adhered to the modified language approved in Xiang. Therefore, we find that the district court did not commit plain error.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Ventura's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

II

Gomez-Feliz pled guilty to conspiracy to possess with intent to distribute heroin in violation of § 846. He appeals his sentence, alleging that the district court erred when it failed to grant him an adjustment for timely acceptance of responsibility under U.S. Sentencing Guidelines Manual (USSG) § 3E1.1(a), (b)(1) (1998).

Gomez-Feliz asserts that although he received an upward adjustment for obstruction of justice under USSG § 3C1.1, the district court erred when it failed to give him a three point reduction in his base offense level for timely acceptance of responsibility because he stipulated that he was responsible for nine grams of heroin and pled guilty. When an enhancement for obstruction of justice is appropriate, a downward adjustment for acceptance of responsibility can only be

justified in exceptional circumstances. <u>See</u> USSG § 3E1.1 comment. (n.4). We find no such circumstances here. The record reveals that Gomez-Feliz continued to deny his involvement in the conspiracy, which constituted a failure to admit to all of his criminal conduct. <u>See</u> <u>United States v. Gordon</u>, 895 F.2d 932, 936 (4th Cir. 1990) (holding that partial acceptance of responsibility is insufficient to warrant a reduction under the guidelines). Further, Gomez-Feliz lied about his name in an effort to avoid being held accountable for past criminal conduct at sentencing. Therefore, we find that the district court did not commit clear error when it denied Gomez-Feliz any reduction in his base offense level, <u>see United States v. Daughtrey</u>, 874 F.2d 213, 217 (4th Cir. 1989) (noting standard of review), and affirm his sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

4