**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jorge ANTONIO–ANTIMO, Defendant–Appellant.**

No. 97CA1536.

Colorado Court of Appeals, Div. IV.

March 4, 1999.

Rehearing Denied April 15, 1999.

Certiorari Granted Nov. 1, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, John T. Carlson, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, Jorge Antonio–Antimo, appeals the denial of his Crim. P. 35(c) motion for post-conviction relief. We reverse and remand for further proceedings.

Pursuant to a plea agreement, defendant, a Mexican national, pled guilty to one count of unlawful sale of a schedule II controlled substance. The plea agreement provided that defendant would not be sentenced to jail, and that he would be deported.

The trial court then sentenced defendant to five years probation on the condition that he "cooperate with deportation authorities" and "leave this country and not return unless he does so legally with proper authorization and documentation." The court then ordered defendant released to the Immigration and Naturalization Service (INS) for a deportation hearing.

Apparently, defendant was then deported. It appears, however, that he returned to the United States and was later convicted of felony reentry offenses.

Meanwhile, defendant filed a Crim. P. 35(c) motion in this case, arguing that the court's order of deportation was illegal and that, therefore, his plea should be vacated. At a subsequent hearing on the motion, the court agreed that the specific order to "leave this country" was illegal, but disagreed that the appropriate remedy was vacation of the plea. Instead, the court determined that the appropriate remedy was simply to strike the illegal portion of the sentence.

## I.

Relying primarily on *United States v. Phommachanh*, 91 F.3d 1383 (10th Cir.1996) and *Chae v. People*, 780 P.2d 481 (Colo.1989), defendant contends that the trial court erred by refusing to vacate his guilty plea because it was based on a promise of an illegal sentence. We agree.

In *Phommachanh*, after pleading guilty to two federal offenses, the defendant was sentenced to 25 years in prison plus three years of supervised release. As a condition of the supervised release, the court ordered that the defendant "be deported and remain outside the United States...." *United States v. Phommachanh, supra*, 91 F.3d at 1384.

On appeal, the Tenth Circuit held that district courts, with certain exceptions not applicable here, have no authority to deport a defendant-alien as a condition of supervised release. Instead, the court has authority only to order the defendant be "delivered to the INS for deportation proceedings consistent with the Immigration and Naturalization Act." *United States v. Phommachanh, supra*, 91 F.3d at 1385.

In *Chae*, although the defendant there agreed to plead guilty in exchange for a suspended prison sentence with conditions, the supreme court held that such a sentence was illegal. The court also held that:

[W]hen a defendant enters into a plea agreement that includes as a material element a recommendation for an illegal sentence and the illegal sentence is in fact imposed on the defendant, the guilty plea is invalid and must be vacated because the basis on which the defendant entered the plea included the impermissible inducement of an illegal sentence.

*Chae v. People, supra*, 780 P.2d at 486. Accordingly, the court ordered Chae's guilty plea vacated "because the original illegal sentence was an integral part of the plea agreement in this case." *Chae v. People, supra*, 780 P.2d at 485.

Applying these principles, we agree with the trial court's initial finding that the condition to "leave this country" was illegal. *See Hines v. Davidowitz*, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941) (federal government has exclusive authority over foreign affairs, including deportation); *State v. Patel*, 160 Ariz. 86, 770 P.2d 390 (1989)(portion of state court order requiring alien-defendant to agree to deportation as condition of probation was preempted by the Supremacy Clause and unenforceable); *State v. Pando*, 122 N.M. 167, 921 P.2d 1285 (N.M.App.1996) (portion of state court order requiring that alien-defendant "not remain in the United States," as a condition of probation, was illegal).

Further, deportation, as a condition of probation, was an integral part of this defendant's plea agreement. Hence, we conclude that the guilty plea must be vacated. *See People v. Jones*, 985 P.2d 75 (Colo.App.1999). Therefore, a remand for vacation of the plea and conviction is required.

In light of the foregoing conclusion, we decline to address defendant's remaining contentions.

The order is reversed and the cause is remanded to the trial court with directions to vacate defendant's guilty plea and conviction and to reinstate the original charges.

Judge NEY and Judge ROTHENBERG concur.