**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

VIVIAN MALONE BROTHERTON, a/k/a
Eric Blassingame,
                    *Defendant-Appellant.*

No. 01-4825

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-95-29-2)

Submitted: March 28, 2002

Decided: April 22, 2002

Before TRAXLER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed as modified by unpublished per curiam opinion.

---

## COUNSEL

James O. Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Joseph E. DePadilla, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

<hr>

## OPINION

PER CURIAM:

Vivian Malone Brotherton appeals a district court's order revoking his supervised release, imposing a twelve-month sentence, and ordering that "once [he] has served the criminal sentence imposed by this court, and any criminal sentence imposed by other courts of competent jurisdiction, he shall be immediately deported by the Immigration and Naturalization Service, if he has not already been deported." On appeal, Brotherton argues that the district court did not have authority to order his deportation without complying with the procedural prerequisites of 8 U.S.C.A. § 1228(c) (West 1999). We affirm with modification.

Because Brotherton failed to object during the supervised release violation hearing, we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725 (1993) (to obtain reversal on issues not preserved for review, defendant must show error that was plain, affected substantial rights, and seriously affected the fairness, integrity, or public reputation of judicial proceeding).

Section 3583(d) of Title 18 provides in pertinent part:

> If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation.

18 U.S.C.A. § 3583(d) (West Supp. 2001).[1] In *United States v. Xiang*, 77 F.3d 771, 772 (4th Cir. 1996), we held that Congress intended to

<hr>

[1]Brotherton is a deportable alien under 8 U.S.C.A. § 1227(a)(2)(A)(i)(II) (West 1999).

permit courts to add as a condition of supervised release deportation by the INS of defendants who are deportable, but authorized district courts only to order that the defendant be delivered to the INS. We further emphasized that the statute does not authorize the court itself to order deportation directly, but that the INS must accomplish the deportation under its established procedures and the court only orders delivery of the defendant to the INS for that purpose. *Id.* at 772-73. In *Xiang*, we modified the district court's order to make clear that the district court was not directly ordering deportation. To eliminate any ambiguity in this case, we modify the district court's judgment as follows to conform with the language approved in *Xiang*:

> As a condition of supervised release, upon completion of his term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq.* As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States.

Brotherton's reliance on 8 U.S.C.A. § 1228(c) is misplaced. In enacting 8 U.S.C.A. § 1228(c), Congress provided in limited circumstances for direct judicial deportation of aliens convicted of aggravated felonies.[2] It is only under this circumstance that the district court must observe specific procedural safeguards. *Xiang*, 77 F.3d at 773. This statute is clearly inapplicable to Brotherton's case.

To be clear, Brotherton is assured to receive the proper procedural safeguards by the INS under 8 U.S.C.A. § 1229 (West 1999) because the district court is not directly ordering Brotherton's deportation, but rather surrendering him to the INS who will seek deportation under the clearly established procedures. *See Xiang*, 77 F.3d at 773 (the exception created in 8 U.S.C.A. § 1228(c) would be meaningless if 18 U.S.C.A. § 3583(d) could be read to authorize judicial deportation for lesser crimes without any procedural safeguards).

---

[2]The relevant provisions of 8 U.S.C. § 1252(a) were reclassified as 8 U.S.C.A. § 1228(c) in 1996.

Accordingly, we affirm the judgment of the district court as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*