**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Federico S. TINOSO, Defendant–**
**Appellant.**

**No. 02–10128.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Filed April 25, 2003.

G. Patrick Civille, Teker, Civille, Torres, Calvo & Tang, Hagatna, Guam, for the defendant-appellant.

Marivic P. David, Assistant United States Attorney, Hagatna, Guam, for the plaintiff-appellee.

Before SCHROEDER, Chief Judge, GOODWIN, and TASHIMA, Circuit Judges.

## OPINION

TASHIMA, Circuit Judge.

On February 20, 2001, Federico Tinoso, a citizen of the Republic of the Philippines, was sentenced to 63 months in prison and eight years of supervised release for conspiracy to distribute over five grams of methamphetamine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846. As a condition of supervised release, the district court ordered that, upon release, Tinoso "shall be turned over to a duly authorized official and shall be immediately deported . . . and shall remain outside the United States during the term of his supervised release." On appeal, Tinoso argues that the district court exceeded its authority in ordering his immediate de-

portation as a condition of supervised release. We agree.

## DISCUSSION

▆▆ Tinoso contends that the district court erred in ordering his immediate deportation as a condition of supervised release. At most, the district court was authorized to order that he be delivered to the Immigration and Naturalization Service ("INS") for deportation proceedings in accordance with INS regulations. The district court based its condition deporting Tinoso on 18 U.S.C. § 3583(d), which provides:

> If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation.

18 U.S.C. § 3583(d). Whether § 3583(d) authorizes a district court to order automatic deportation as a condition of supervised release is a question of law subject to de novo review. *See United States v. Lakatos,* 241 F.3d 690, 692 (9th Cir.2001). Although we have not directly spoken to this issue, we agree with the interpretation adopted by the First, Second, Fourth, Fifth, Tenth, and Eleventh Circuits,[1] holding that a district court exceeds its authority in ordering, as a condition of supervised release, immediate and automatic deportation without a deportation hearing.

Section 3583(d) provides that "[i]f [the] alien defendant is subject to deportation," the sentencing court may "provide" for "such deportation" by "order[ing]" that the

---

1. *See United States v. Romeo,* 122 F.3d 941, 943–44 (11th Cir.1997); *United States v. Phommachanh,* 91 F.3d 1383, 1386 (10th Cir. 1996); *United States v. Xiang,* 77 F.3d 771, 773 (4th Cir.1996); *United States v. Quaye,* 57 F.3d 447, 449–51 (5th Cir.1995); *United States v. Olvera,* 954 F.2d 788, 793 (2d Cir. 1992); *United States v. Ramirez,* 948 F.2d 66, 68 (1st Cir.1991).

defendant be delivered to the INS for deportation proceedings. 18 U.S.C. § 3583(d). In *Phommachanh*, the Tenth Circuit concluded that, "by using two different verbs to describe what a district court may do under § 3583(d), Congress presumably intended the verbs to convey their respective meanings." 91 F.3d at 1386. The court reasoned that if Congress had intended for § 3583(d) to authorize the sentencing court to order automatic deportation, it would not have used the verb "provide" followed by the verb "order." *Id.* As drafted, "[t]he text of § 3583(d) ... authorizes district courts to 'provide,' not 'order,' that an alien be deported and remain outside of the United States." *Quaye*, 57 F.3d at 449.

This interpretation of § 3583(d) is consistent with the overall deportation scheme. The initial determination of whether an alien is subject to deportation resides in the Executive Branch. *See* 8 U.S.C. § 1227(a) ("Any alien ... in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens."). Congress "established the INS as part of the Executive Branch under the Attorney General, and gave the Attorney General far reaching authority to deport aliens." *Xiang*, 77 F.3d at 773. Limited judicial review is available only after the Attorney General makes a decision regarding deportability. *Id.* Once that decision has been made, the alien-defendant is "entitled to whatever process and procedures are prescribed by and under the Immigration and Naturalization Act for one in appellant's circumstances, for the purpose of determining whether he is 'an alien defen-

dant ... subject to deportation.'" *United States v. Sanchez*, 923 F.2d 236, 237 (1st Cir.1991).

In 1997, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). Section 1229a(a) of the IIRIRA provides in pertinent part as follows:

> An immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien[, and that] [u]nless otherwise specified in this chapter, a [removal proceeding before an immigration judge] shall be the *sole and exclusive procedure* for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States.

8 U.S.C. § 1229a(a) (emphasis added). Because the Immigration and Naturalization Act (INA), as amended by the IIRIRA, does not "otherwise specif[y]" or authorize judicial deportation pursuant to § 3583(d), § 1229a(a) establishes that district courts have no authority under § 3583(d) to authorize or provide for deportation or removal as a condition of supervised release. *See Romeo*, 122 F.3d at 943 ("[T]he language [of 8 U.S.C. § 1229a(a)] is quite clear: immigration judges alone have the authority to determine whether to deport an alien."). In sum, the authority to order the deportation or removal of an alien rests exclusively with the Attorney General. We therefore vacate the sentence and remand to the district court for resentencing, which may include, at the district court's discretion, an appropriate condition of supervised release pursuant to § 3583(d).[2]

---

2. While it is the district court's function to determine and to impose conditions of supervised release, we note that the following language has been approved by a number of circuits as an appropriate condition of supervised release under § 3583(d):

> As a condition of supervised release, *upon completion of his term of imprison-*

## CONCLUSION

Deportation and removal must be achieved through the procedures provided in the INA. Because it bypassed these procedures, the district court's judgment ordering immediate deportation as a condition of supervised release was in excess of its authority under § 3583(d).

**REVERSED and REMANDED** for re-sentencing.

ment the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §§ 1101–1524. As a further condition of supervised release, if ordered deported, the defendant shall remain outside of the United States.
*Phommachanh,* 91 F.3d at 1388.