FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 8, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SERGIO BUSTILLO-BUSTILLO,

    Defendant - Appellant.

No. 24-3171
(D.C. No. 6:24-CR-10055-JWB-1)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Sergio Bustillo-Bustillo pleaded guilty to unlawfully reentering the United

States after having been previously deported. *See* 18 U.S.C. § 1326. The district

court sentenced him to 36 months in prison, followed by three years of supervised

release, with a special condition that he be deported.

Bustillo-Bustillo now challenges the district court's authority to order him

deported. The government acknowledges the district court lacked that authority. We

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agree, and exercising jurisdiction under 28 U.S.C. § 1291 and 18 USC. § 3742, we modify the district court's judgment.

Under 18 U.S.C. § 3583(d), "[i]f an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation."  This provision does not authorize the district court to order a defendant deported upon release from prison. *United States v. Phommachanh*, 91 F.3d 1383, 1385 (10th Cir. 1996).  Instead, § 3583(d) authorizes the district court to order, as a condition of supervised release, that the defendant surrender to immigration officials, who then determine whether the defendant shall be deported pursuant to the immigration laws.  *Id.*; *accord United States v. Murillo-Salgado*, 854 F.3d 407, 418-19 (8th Cir. 2017); *United States v. Tinoso*, 327 F.3d 864, 866 (9th Cir. 2003); *United States v. Xiang*, 77 F.3d 771, 773 (4th Cir. 1996); *United States v. Quaye*, 57 F.3d 447, 449-51 (5th Cir. 1995); *United States v. Kassar*, 47 F.3d 562, 568-69 (2d Cir. 1995), *abrogated on other grounds as recognized by United States v. Meyers*, 200 F.3d 715, 722 (10th Cir. 2000); *United States v. Sanchez*, 923 F.2d 236, 237-38 (1st Cir. 1991).

Because § 3583(d) did not authorize the district court to order Bustillo-Bustillo deported from the United States, we modify the district court's judgment imposing the special condition of supervised release as follows:

> Upon completion of any prison term imposed as part of this sentence, the defendant shall be released to the custody of a duly-authorized immigration official for deportation in accordance with the established

> procedures provided by the immigration laws.  If ordered deported from the United States, the defendant shall remain outside the United States unless legally authorized to re-enter, upon which the defendant must report to the nearest probation office within 72 hours after re-entry.

*See Phommachanh*, 91 F.3d at 1388 (following other circuits' similar modifications of district court judgments).

So modified, the district court's judgment is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge