# United States Court of Appeals
## For the First Circuit

No. 01-1671

UNITED STATES OF AMERICA,

Appellee,

v.

OSCAR ALONSO LONDONO-QUINTERO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Lipez, Circuit Judge,

Coffin, Senior Circuit Judge,

and Barbadoro,* District Judge.

Timothy J. Morgan for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom Margaret E. Curran, United States Attorney, and Gerard B. Sullivan, Assistant United States Attorney, were on brief for appellee.

May 6, 2002

* Of the District of New Hampshire, sitting by designation.

**LIPEZ, <u>Circuit Judge</u>**.  Defendant-appellant Oscar Alonso Londono-Quintero, a native of Colombia, was lawfully admitted into the United States in 1984.  He resided in Rhode Island from 1984 to 1991 and then in Florida until he was deported in 1998.  In 1999, he illegally returned to the United States.  On February 6, 2001, he pled guilty to a federal indictment charging him with illegal reentry into the United States after having been deported, in violation of 8 U.S.C. § 1326.  At sentencing, the district court determined that Londono-Quintero's prior conviction under Florida law for lewd and lascivious assault on a child constituted an "aggravated felony," thus warranting a substantial increase in sentence under the federal sentencing guidelines.  Accordingly, the district court sentenced Londono-Quintero to 37 months' imprisonment followed by three years of supervised release.  Challenging the court's characterization of the Florida conviction as an aggravated felony, Londono-Quintero appealed.  We affirm.

**I.**

On September 7, 1994, Londono-Quintero pled guilty in Florida state court to a two-count information charging that, on or about March 9, 1994, he committed the crime of lewd and lascivious assault on a child, in violation of Fla. Stat. Ann. § 800.04 (1994).  Although the crime carried a maximum penalty of 15 years in prison, <u>see</u> Fla. Stat. Ann. § 775.082(3)(c) (1994), Londono-Quintero's actual sentence was five years of probation.  Londono-Quintero was subsequently deported in 1998.  In October 1999, he illegally reentered the United States through Mexico.  He was

-2-

arrested on November 10, 2000, by the Immigration and Naturalization Service.

On December 20, 2000, a grand jury in the District of Rhode Island returned a one-count indictment charging that Londono-Quintero was an alien who, after having previously been arrested and deported from the United States, knowingly entered and was found in Rhode Island without the express consent of the Attorney General to reapply for admission into the United States, in violation of 8 U.S.C. § 1326. Pursuant to a written plea agreement, Londono-Quintero pled guilty to the charge on February 6, 2001.

At sentencing, the court found that Londono-Quintero's base offense level was 8 under U.S.S.G. § 2L1.2(a). The court determined, over Londono-Quintero's objection, that his prior conviction under Florida law for lewd and lascivious assault on a child constituted an aggravated felony, thus warranting a 16-level sentencing enhancement under the relevant sentencing guideline in effect at the time. See § 2L1.2(b)(1)(A) (2000). In doing so, the court stated:

> Defendant has objected to the presentence report claiming those 16 points shouldn't have been added, and that's where the dispute is in this case, was his conviction in Florida in 1994 for an aggravated felony. It's an aggravated felony if he was guilty of a crime the equivalent of sexual abuse of a minor. In Florida, he was charged with lewd and lascivious assault on a child. Assault - that's a key word. He pleaded guilty, according to his own admission, and he received five years of probation with certain conditions. The statute under which he was convicted is broad, and it can involve conduct upon a minor, or in the presence of a minor. In order to determine what conduct was involved here the Court must look to the information, the charge. The

charge is assault on a child. That's what he pleaded guilty to, and it was a lewd and lascivious assault. In other words, it involved sexual conduct. So, in effect, what he was convicted of, what he pleaded guilty to, was a sexual assault on a minor. That is an aggravated felony under federal law. It's not necessary for the Court to get in the specific facts of the particular conduct. His plea to that particular charge is sufficient to determine that it was an aggravated felony.

Londono-Quintero also received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. He requested a downward departure on grounds that he satisfied the requisite elements of U.S.S.G. § 2L1.2, Application Note 5 (2000).[1] That departure request, however, was denied.

Accordingly, the applicable Criminal History Category was I, and the total offense level was 21, yielding a sentencing range under U.S.S.G. § 5A of 37 to 46 months' imprisonment. The court sentenced defendant to 37 months of imprisonment to be followed by three years of supervised release with the deportation condition.[2]

---

[1] At the time of sentencing, Application Note 5 provided:

Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely. If subsection (b)(1)(A) applies, and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based upon the seriousness of the aggravated felony.

U.S.S.G. § 2L1.2, cmt. n.5 (2000).

[2] The deportation condition is as follows:

[U]pon completion of the term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §§ 1101, et seq. As a

Londono-Quintero argues on appeal that the district court erred when it concluded that his 1994 conviction constituted an "aggravated felony" under the federal sentencing guidelines. He also claims that the sentencing court erred in its refusal to grant his motion for a downward departure.

## A.  The "Aggravated Felony" Determination

At the time of Londono-Quintero's sentencing, the Sentencing Guidelines imposed a 16-level enhancement in illegal reentry cases on offenders with a prior conviction for an "aggravated felony."   U.S.S.G. § 2L1.2(b)(1)(A)(2000).   The question of what constitutes an "aggravated felony" for § 2L1.2 purposes is controlled by 8 U.S.C. § 1101(a)(43).  See U.S.S.G. § 2L1.2, cmt. n.1. ("For purposes of [§ 2L1.2] . . . '[a]ggravated felony' is defined at 8 U.S.C. § 1101(a)(43) without regard to the date of conviction of the aggravated felony.").  Our review of such determinations is de novo.  See United States v. Martinez-Garcia, 268 F.3d 460, 464 (7th Cir. 2001) (reviewing de novo what qualifies as "aggravated felony" under § 2L1.2).

Section 1101(a)(43) provides in relevant part that the term "aggravated felony" means, inter alia, "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A).  The district

---

further condition of supervised release, if ordered deported, defendant shall remain outside the United States during that time.

United States v. Ramirez, 948 F.2d 66, 68 (1st Cir. 1991); accord United States v. Sanchez, 923 F.2d 236, 238 (1st Cir. 1991).

court concluded that Londono-Quintero's prior conviction qualified as "sexual abuse of a minor" and therefore constituted an "aggravated felony" under § 2L1.2(b)(1)(A). On appeal, Londono-Quintero asserts that the district court reached that conclusion by improperly considering facts underlying his prior conviction, contrary to the "categorical approach" set forth by the Supreme Court in Taylor v. United States, 495 U.S. 575, 602 (1990). We explore that contention.

### 1. The Taylor Categorical Approach[3]

Under the Taylor approach, a sentencing court should "look only to the fact of conviction and the statutory definition of the prior offense" to determine whether a prior conviction qualifies as a predicate offense for sentencing enhancement purposes. Id. at 602; see also United States v. Harris, 964 F.2d 1234, 1235 (1st Cir. 1992). Where the statutory definition encompasses both predicate and non-predicate offenses, however, it may be necessary to go beyond the statute and the fact of conviction. See Harris, 964 F.2d at 1235; see also United States v. Sacko, 178 F.3d 1, 3 (1st Cir. 1999). In those situations, a sentencing court may look to "the indictment or information and

---

[3] We note that courts have typically applied the Taylor categorical approach to determine what constitutes a "violent felony" for sentencing purposes under the career offender statute. We see no reason, however, why the Taylor approach should not apply with equal force to "aggravated felony" determinations under § 2L1.2(b)(1)(A). Cf. Martinez-Garcia, 268 F.3d at 464-466 (7th Cir. 2001) (employing Taylor-esque categorical approach in determining whether offense to which defendant pled guilty constituted "aggravated felony" under § 2L1.2). Nor do the parties object to the application of Taylor in this case.

jury instructions in order to discern which type of crime the offender was convicted of perpetrating." Sacko, 178 F.3d at 3 (citing Taylor, 495 U.S. at 602). If the charging papers simply contain the boilerplate statutory formulation and there are no jury instructions because of a guilty plea, it is appropriate for the sentencing court to

> look to the conduct in respect to which the defendant was charged and pled guilty, not because the court may properly be interested . . . in the . . . nature of that particular conduct, but because that conduct may indicate that the defendant and the government both believed that the [predicate] crime . . . rather than the [non-predicate] crime . . . was at issue.

Harris, 964 F.2d at 1236. The inquiry should focus on "the meaning of the defendant's guilty plea" -- that is, whether the defendant's plea constitutes an admission to the predicate offense under a statute that encompasses both predicate and non-predicate offenses. United States v. Shepard, 231 F.3d 56, 66 (1st Cir. 2000).

**2. Analysis**

We begin our analysis with the language of the statute to which Londono-Quintero pled guilty, Fla. Stat. Ann. § 800.04 (1994):[4]

A person who:

_____

[4] The statute appears to have been amended twice since defendant's 1994 offense -- once in 1999, and again in 2000. Fla. Stat. Ann. § 800.04 (2001) (Historical and Statutory Notes). Since Defendant's charged conduct and guilty plea occurred in 1994, we concern ourselves only with the version of the statute in effect at that time.

(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;

(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;

(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or

(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years, without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Section 800.04 thus criminalizes, inter alia, sexual offenses that do not rise to the level of rape or sexual battery and which are committed against children under the age of sixteen. It encompasses acts involving physical contact between the perpetrator and child victim, as well as acts that do not involve any such physical contact.

Londono-Quintero argues that the charged offense under Florida law does not constitute "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A). Albeit difficult to decipher, his argument seems to rest on the following logic: (a) given a sentence that involved no incarceration, he must have been charged only as a "flasher" under § 800.04's clause (4), which explicitly provides that the crime may be committed "in the presence" of the child without committing the crime of "sexual

-8-

battery;" (b) "sexual battery" under Florida St. Ann. § 827.071[5] -- a crime with which he was not charged -- is virtually synonymous with the "sexual act[s]" prohibited under 18 U.S.C. § 2243 (1994),[6] which criminalizes "sexual abuse of a minor or ward" within the special maritime and territorial jurisdiction of the United States; (c) because both 18 U.S.C. § 2243 and 8 U.S.C. § 1101(a)(43)(A) use the phrase "sexual abuse of a minor," that phrase must mean the same thing under both statutes; (d) Congress specifically defined "sexual abuse of a minor" for purposes of § 2243, and the definition does not include the flasher-type crime underlying his Florida § 800.04 conviction;[7] and (e) therefore, the crime with

---

[5] Section 827.071(e) defines sexual battery as:

Oral, anal or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, "sexual battery" does not include an act done for a bona fide medical purpose.

[6] To be sure, Londono-Quintero refers us in his brief to 8 U.S.C. § 2243. Since that section does not exist in the Code, we assume that his intention was to refer us to 18 U.S.C. § 2243, which provides in relevant part:

§ 2243. <u>Sexual abuse of a minor or ward</u>

(a) Of a minor.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who--
(1) has attained the age of 12 years but has not attained the age of 16 years; and
(2) is at least four years younger than the person so engaging;
or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

[7] A "sexual act" that constitutes "sexual abuse of a minor" under § 2243 is defined in 18 U.S.C. § 2246(2) as:

which he was charged under Florida law does not constitute "sexual abuse of a minor" within the meaning of § 1101(a)(43)(A).

We reject this logic for two reasons. First, as we shall explain further, the allegations of the information precluded any argument that Londono-Quintero was only charged under § 800.04's clause (4) as a flasher who never assaulted the child victim. Second, many of the offense descriptions in § 1101(a)(43) include cross-references to other Code sections. However, there is no cross-reference in subsection (A) to another federal statute for the definition of "sexual abuse of a minor." In the absence of an explicit statutory cross-reference in § 1101(a)(43)(A), we find Londono-Quintero's reliance on § 2243 to be misplaced. Thus, we reject his efforts to import a restrictive definition of "sexual abuse of a minor" into § 1101(a)(43)(A), which designates that offense as an "aggravated felony."

In the absence of a statutory definition of "sexual abuse of a minor," we rely instead on the plain meaning of that phrase. See Smith v. United States, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with

---

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;
(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or
(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2).

-10-

its ordinary or natural meaning."). According to Random House Webster's, "sexual" is defined as, inter alia, "of, pertaining to, or for sex." Random House Webster's Unabridged Dictionary 1755 (2d ed. 1987). The definitions of "abuse" include, inter alia, "to use wrongly or improperly," or "misuse." Id. at 9. The phrase "sexual abuse" is defined separately as "rape, sexual assault, or sexual molestation." Id. at 1755.

Without settling on any particular definition, we nevertheless read the plain meaning of "sexual abuse of a minor" in § 1101(a)(43)(A) to encompass easily the physical-contact provisions of § 800.04 of the Florida statute. The government argues, however, for a broad federal definition. It asserts that any violation of § 800.04 -- regardless of whether physical contact with the victim is involved -- falls within the plain meaning of "sexual abuse of a minor" (and therefore constitutes an "aggravated felony" predicate offense). Under this theory, a § 800.04 violation would by definition always constitute a § 1101(a)(43)(A) predicate offense of "sexual abuse of a minor." Thus, the argument goes, we need not look beyond the statute of conviction in order to conclude that the defendant pled guilty to an "aggravated felony" under U.S.S.G. § 2L1.2. In pressing this statutory argument, the government urges us to adopt the reasoning of our sister circuit in a similar case, United States v. Padilla-Reyes, 247 F.3d 1158 (11th Cir. 2001), where the court held that any conviction under § 800.04 (albeit the 1987 version of that statute) qualifies as "sexual abuse of a minor" for purposes of § 1101(a)(43)(A), even though

§ 800.04 "encompasses acts involving victim contact as well as acts involving no victim contact." Id. at 1162-64.[8]

Although the government's statutory argument may well have merit, we need not go as far as the government urges on the facts of this case. That is because, even if § 800.04 encompasses both predicate and nonpredicate offenses, the charging document to which the defendant pled guilty in this case unambiguously indicates that he was convicted of a crime that fits squarely within the physical contact provisions of § 800.04 and thus constitutes "sexual abuse of a minor" under § 1101(a)(43)(A) within the plain meaning of that phrase. See Taylor, 495 U.S. at 602 (permitting examination of "indictment or information or jury instructions" in cases where the statutory definition encompasses both predicate and nonpredicate offenses); Sacko, 178 F.3d at 3 (allowing sentencing court to look to charging document "to discern which type of crime" underlies conviction). Thus, we affirm the sentencing court's "aggravated felony" determination on the basis of the factual allegations contained in the charging document.

---

[8] The court held specifically that crimes of "sexual abuse of a minor" for purposes of § 1101(a)(43)(A) do not require proof of physical contact between the perpetrator and the victim. See Padilla-Reyes, 247 F.3d at 1163; see also United States v. Zavala-Sustaita, 214 F.3d 601, 604-08 (5th Cir. 2000) (affirming 16-level enhancement where Texas indecent exposure offense which required no proof of physical contact qualified as "sexual abuse of minor"); United States v. Baron-Medina, 187 F.3d 1144, 1147 (9th Cir. 1999) (holding that a certain California sex offense qualified as "sexual abuse of a minor" justifying 16-level enhancement under § 2L1.2(b)(1)(A) where state courts interpreted statute to be "violated by a person who does not himself touch the victim child, if the person, with the requisite intent, coerces the child to touch himself").

-12-

The information describes in a caption the two counts as "LEWD ASSAULT ACT" and describes the victim -- referred to as "A.G." -- as "a child under the age of sixteen." Count One charges Londono-Quintero with violating § 800.04 by inter alia "fondling A.G.'s BREASTS and/or touching and/or rubbing A.G.['s] genital area." Count Two charges Londono-Quintero with violating alternative elements of § 800.04 by "placing A.G.'s HAND on his PENIS masturbating and/or ejaculating." Given these factual details of the alleged crimes, which go well beyond a mere recitation of the various elements of the statute, the charging document unmistakably establishes that Londono-Quintero pled guilty to a § 800.04 violation that constitutes "sexual abuse of a minor."

Londono-Quintero argues that the district court, in making its "aggravated felony" determination, erroneously considered the police report, which described in detail the conduct underlying his § 800.04 conviction. This argument is wrong for two reasons. First, as we made clear in Shepard, there is no general prohibition against the use of police reports by the sentencing court to determine the crime to which a defendant pled guilty. See Shepard, 231 F.3d at 67 ("[W]e see no justification for an absolute bar to the consideration of [police reports] when the sentencing court must determine whether the defendant and the government both believed that the defendant was entering a guilty plea to a generically violent crime."). Second, in this case, the court disavowed any reliance on the police report, stating that "[i]t's not necessary for the Court to get in[to] the specific facts of the

-13-

particular conduct."  In the court's view, the information provided all the detail necessary for the "aggravated felony" determination and the resulting 16-level enhancement.  We agree.

## B.  Downward Departure

Londono-Quintero argues that the district court erred in denying his oral motion for a downward departure made for the first time at the sentencing hearing.  We lack jurisdiction, however, to reach the merits of this claim.

The Sentencing Reform Act specifically defines when a defendant can seek appellate review of a sentence.  See 18 U.S.C. § 3742(a).  "[N]o appeal lies from a discretionary refusal to depart."  United States v. Morrison, 46 F.3d 127, 130 (1st Cir. 1995); see also United States v. Pierro, 32 F.3d 611, 619 (1st Cir. 1994) (citing cases).  We do have appellate jurisdiction, however, "where the decision not to depart is based on the sentencing court's assessment of its lack of authority or power to depart." Morrison, 46 F.3d at 130.  Here, the record is not entirely clear as to whether the court properly apprehended its departure authority.  However, the district court stated that, even if it did have the power to depart, it would not exercise that power because of defendant's conduct in this case.  "Because the trial judge indicated his refusal to depart even if he had the authority," we are without jurisdiction to review his denial of Londono-Quintero's departure request.  United States v. DeLeon, 187 F.3d 60, 69 (1st Cir. 1999).

**Affirmed.**