**UNITED STATES of America,**
**Appellee,**

v.

**Aldrin DIAZ, Defendant, Appellant.**

No. 02–2270.

United States Court of Appeals,
First Circuit.

May 28, 2003.

George J. West, for appellant.

Thomas E. Booth, Attorney, Department of Justice with whom Margaret E. Curran, United States Attorney, Donald C. Lockhart, Assistant United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, were on the brief for the United States.

Before SELYA, Circuit Judge, COFFIN and PORFILIO,* Senior Circuit Judges.

PER CURIAM.

Following a remand for re-sentencing, *United States v. Diaz,* 285 F.3d 92 (1st Cir.2002) (*Diaz I* ), the district court reimposed a sentence of 120 months.[1] We are now asked to determine whether the district court: 1) abused its discretion by once again enhancing the sentence without regard to our opinion in *Diaz I;* 2) improperly relied upon U.S.S.G. § 5K2.1; and 3) abused its discretion in refusing a downward departure. We hold that the district court did not err in its sentencing choices, and we are without jurisdiction to consider its denial of a downward departure.

The district court determined upward departure was warranted under U.S.S.G. § 4A1.3 upon finding the defendant's Category VI Criminal History Category underrepresented his actual history. The court noted he had been "a criminal since the age of 13," and "he's spent more time in prison than he has out." On appeal, Mr. Diaz argues reliance upon these factors ignores a "factual assessment" we made in *Diaz I* that he believes should have led to less onerous sentencing. The foundation of this argument is faulty. Mr. Diaz incorrectly assumes appellate courts make findings of fact which are binding upon a district court. Such is not the case. See *Dedham Water Co. v. Cumberland Farms Dairy, Inc.,* 972 F.2d 453, 463 (1st Cir. 1992). The factual observations we made

---

* Of the Tenth Circuit, sitting by designation.

1. The facts of this case are set out in *Diaz I;* therefore, we shall not reiterate them here.

in *Diaz I* were simply a predicate to our legal reasoning.

Similarly, Mr. Diaz contends the district court improperly found that his actions set in motion a chain of events that led to the death of Officer Young. He maintains that finding ignored our reference to the district court's statement that Officer Young's death was "unfortunate" and a "tragedy," *Diaz I*, 285 F.3d at 101, and was the "law of the case" which the district court could not ignore. Not only is this argument unfounded, but also it ignores our refusal to foreclose application of § 5K2.1 under the circumstances of this case. *Id.* We see no error in the district court's analysis of the facts or in its application of the guidelines.[2]

Finally, the record clearly reflects the district court harbored no doubt of its authority to depart downward. Therefore, we have no jurisdiction to review its refusal to do so. *United States v. Londono–Quintero,* 289 F.3d 147, 155 (1st Cir.2002).

***Affirmed.***

---

**2.** Whether we give deference to the district court's application of the facts to the guideline or accord it *de novo* review as required by 18 U.S.C § 3742(e), as amended by 401(d)(2) of the PROTECT Act, Pub.L. No. 108–21, April 30, 2003, the result would not be different. Application to this case of the new standard of review mandated by the PROTECT Act was suggested in passing by the government in oral argument; however, it is an issue that has not been briefed or otherwise addressed by the parties. Under these circumstances, we do not rule upon the issue. Applying either the old or new standard of review, we would reach the same conclusion.