**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to lst Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1624

UNITED STATES OF AMERICA,
Appellee,

v.

GARY C. PETTIFORD,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, Senior U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin and Cyr, Senior Circuit Judges.

Jennifer A. Appleyard, by appointment of the court, on brief for appellant.
Craig N. Moore, Acting United States Attorney, Donald C. Lockhart and Zechariah Chafee, Assistant United States Attorneys, on brief for appellee.

March 30, 2004

**Per Curiam**.   Defendant-appellant Gary C. Pettiford pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a).  The district court, taking note of Pettiford's long criminal record, sentenced him on April 22, 2003 as a career offender, USSG §4B1.1(a)-(b), to a 151-month incarcerative term. Pettiford now appeals.  His able counsel, heroically trying to do much with little, has raised two issues.  Despite the excellence of counsel's efforts, neither warrants extended discussion.

First, Pettiford argues that the district court erred in denying his motion for a downward departure on the ground that the career offender designation overstated the gravity of his criminal history.  See id. §4A1.3.  The principal problem with this argument — there are several others, but we need not reach them — is the general rule that a sentencing court's discretionary refusal to depart is unreviewable.  See United States v. Sanchez, 354 F.3d 70, 76 (1st Cir. 2004); United States v. Pierro, 32 F.3d 611, 619 (1st Cir. 1994).  At first glance, that rule seems to control here because the decision whether to grant an "overstatement" departure pursuant to section 4A1.3 lies primarily within the discretion of the sentencing court.

Pettiford acknowledges this fact, but says that his case falls within an exception to the unreviewability doctrine because the sentencing court misapprehended its authority to depart.  Such an exception does exist.  See United States v. Teeter, 257 F.3d

14, 30 (1st Cir. 2001) (discussing this exception). However, the record belies any suggestion that the exception pertains here.

No useful purpose would be served by a blow-by-blow account of the colloquy at the disposition hearing. The short of it is that the sentencing court voiced some uncertainty about its authority to depart in the circumstances of this case,[1] but made it perfectly clear that, if it had such authority, it would choose, as a matter of discretion, not to exercise that discretion in Pettiford's favor. No more was exigible. See, e.g., United States v. Londono-Quintero, 289 F.3d 147, 155 (1st Cir. 2002); United States v. DeLeon, 187 F.3d 60, 69 (1st Cir. 1999).

Pettiford's attempt to blunt the force of this alternative holding fails. He wrests a single sentence in the district court's bench decision from its contextual moorings and attempts to use that sentence to prove his point. However, in answering questions of this sort, appellate courts must read the record as a whole. DeLeon, 187 F.3d at 69. On an holistic view, there is no plausible basis for a claim that the district court misunderstood the extent of its authority. See United States v. Grandmaison, 77 F.3d 555, 564-65 (1st Cir. 1996) (explaining that mere ambiguity in the sentencing record is insufficient to render

---

[1]The sentencing court's uncertainty was warranted. This court, sitting en banc, has divided equally over whether district courts may grant "overstatement" or "smallness" departures in career offender cases. See United States v. Perez, 160 F.3d 87, 88-90 (1st Cir. 1998) (en banc) (per curiam).

the court's refusal to depart reviewable on appeal).  This assignment of error is, therefore, not properly before us.

Pettiford's second assignment of error is no more rewarding.  In it, he vigorously challenges a reckless endangerment enhancement, see USSG §3C1.2, proposed by the probation department and arguably accepted by the district court.[2]  The difficulty, however, is that this enhancement dropped out of the case once the district court completed its factfinding and sentenced Pettiford under the alternative career offender formulation.  See United States v. Ventura, 353 F.3d 84, 90 (1st Cir. 2003) (describing the alternative sentencing calculations required in career offender cases).  The propriety of the proposed enhancement is, therefore, immaterial.  See, e.g., United States v. Frazier, 340 F.3d 5, 7-8 (1st Cir.), cert. denied, 124 S. Ct. 971 (2003); United States v. Ruiz-Garcia, 886 F.2d 474, 476 (1st Cir. 1989).

We need go no further.  Shortly after the initial promulgation of the federal sentencing guidelines, we wrote that "[s]entencing appeals prosecuted . . . in the tenuous hope that lightning may strike, ought not to be dignified with exegetic opinions, intricate factual synthesis, or full-dress explications of accepted legal principles." Ruiz-Garcia, 886 F.2d at 477.  That

---

[2]This proposed enhancement was based on Pettiford's behavior when the arresting officer initially attempted to apprehend him. For reasons that soon will become apparent, the details need not concern us.

apothegm applies here. Consequently, we content ourselves with this brief description of why we reject Pettiford's appeal and summarily affirm his conviction and sentence.

       **Affirmed**.   **See** **1st Cir. R. 27(c)**.