**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2010

Lyle W. Cayce
Clerk

No. 09-11095

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SERGIO DOMINGUEZ-RODRIGUEZ

Defendant-Appellant

Appeal from the United States United States District Court
for the Northern District of Texas
(6:09-CR-31-1)

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Sergio Dominguez-Rodriguez pleaded guilty to illegal reentry after deportation. Dominguez-Rodriguez's presentencing report (PSR) assigned a base level of eight, which was increased by eight levels pursuant to U.S.S.G. § 2L1.2 based on a prior aggravated felony conviction for five counts of lewd assault acts against a child. After a three-level deduction for acceptance of responsibility, Dominguez-Rodriguez's total offense level was 13. This offense level, combined

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-11095

with a Category I criminal history score, resulted in an advisory Guidelines range of 12-18 months of imprisonment.

Both parties adopted the PSR, but the Government requested that the district court consider increasing the defendant's base offense level by sixteen, rather than eight, levels based on his 1997 guilty-plea conviction for five counts of lewd assault acts against a child in violation of Florida Statute section 800.04.[1]   Dominguez-Rodriguez had been sentenced to only three months and twelve days' imprisonment for that crime, and therefore the 1997 conviction was not assessed any criminal history points because it occurred outside the applicable time period for criminal history calculation purposes.  This prior conviction, however, was used to increase Dominguez-Rodriguez's base offense level by eight levels pursuant to U.S.S.G. § 2L1.2(b)(1)(C) because the prior conviction was an aggravated felony for which Dominguez-Rodriguez was previously deported.  The Government argued that Dominguez-Rodriguez's prior

---

[1] This statute has been amended since the defendant's offense– once in 1999 and again in 2000.  The statute, as it was in effect at the time of defendant's offense, read:
"A person who:
(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s.775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section. A mother's breastfeeding of her baby does not under any circumstance violate this section."

No. 09-11095

conviction constituted "sexual abuse of a minor" making it a crime of violence that should result in the increase of Dominguez-Rodriguez's base offense level by sixteen levels. This would result in an advisory Guidelines sentencing range of thirty-seven to forty-six, rather than twelve to eighteen, months of imprisonment.

At Dominguez-Rodriguez's November 2009 sentencing hearing, after considering the facts of the instant conviction, the facts of Dominguez-Rodriguez's 1997 conviction, the PSR, and the 18 U.S.C. § 3553(a) factors, the district court did not change the PSR's computations but determined that an upward variance was warranted. The district court then sentenced Dominguez-Rodriguez to forty-eight months of imprisonment and three years of supervised release. Dominguez-Rodriguez objected at the sentencing hearing to the procedural and substantive nature of his sentence, and filed timely notice of appeal. Because Dominguez-Rodriguez objected to the reasonableness of the sentence at sentencing, his claims are reviewed under the abuse-of-discretion standard. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

This court "'first ensure[s] that the district court committed no significant procedural error' and 'then consider[s] the substantive reasonableness of the sentence imposed.'" *United States v. Herrera-Garduno*, 519 F.3d 526, 529 (5th Cir. 2008) (quoting *Gall v. United States*, 128 S.Ct. 586, 597 (2007)). Dominguez-Rodriguez, represented by counsel, has on appeal only challenged the substantive reasonableness of his sentence, arguing that the sentence is greater than necessary to satisfy the sentencing goals of section 3553(a).

Under the advisory regime following *United States v. Booker*, 543 U.S. 220 (2005), courts have three sentencing options: (1) imposing a sentence within the properly calculated Guidelines range; (2) imposing a sentence that includes an upward or downward departure as authorized by the Guidelines; or (3) imposing

a non-Guidelines sentence or "variance" that is either higher or lower than the Guidelines range. *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006).

Here, the district court stated that Dominguez-Rodriguez's sentence was an upward variance, or a non-Guidelines sentence. A sentence that varied from the Guidelines is "unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted). With respect to a variance, this court may "take the degree of variance into account and consider the extent of a deviation from the Guidelines," *Gall,*128 S.Ct. at 595, but "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. at 597.

The variance in this case, of thirty months above the top of the Guidelines sentencing range, is significant, but this court has upheld variances similar to and greater than the increase to Dominguez-Rodriguez's sentence. *See, e.g*., *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). This court has held that a  mathematical calculation of percentage deviation from the Guidelines alone does not dictate the reasonableness or not of a sentence. *United States v. Key*, 599 F.3d 469, 476 n.1 (5th Cir. 2010). Therefore, we turn to the question of whether "the justification is sufficiently compelling to support the degree of the variance." *Gall*, 128 S.Ct. at 597.

The district court was very clear that its justification for the variance was the defendant's criminal history and his character as, in the judgment of the district court, "a child molester." Dominguez-Rodriguez contends that the district court placed too much reliance on these factors in its section 3553(a) analysis, particularly since his conviction was twelve years old, while not properly taking into account other factors such as his wife's illness, his history

of steady employment, and his lack of criminal convictions since the 1997 offense.

A sentencing court may take into account a broad spectrum of behavior, including not only a defendant's prior convictions but also past criminal behavior for which convictions did not result. *Nichols v. United States*, 114 S.Ct. 1921, 1928 (1994). In this case, the district court took into account the defendant's guilty plea for lewd and lascivious assault against a child, as well as the broader facts of that crime, which indicated that the defendant sexually assaulted his step-daughter over a three-year period, beginning when she was nine years old.[2]

The district court's sentence, while a non-Guidelines sentence, derives strong support from the policy considerations of the Guidelines. The court did not actually amend the PSR, or the calculation of the advisory guideline range, to reflect the Government's contention that Dominguez-Rodriguez's prior crime should be considered "sexual abuse of a minor" and thereby a crime of violence, although the court could have done so consistent with other courts considering the identical provision of the Florida Statute. *See, e.g. United States v. Londono-Quintero*, 289 F.3d 147 (1st Cir. 2002) (finding violation of section 800.04 to be "sexual abuse of a minor" as that term was used in the version of U.S.S.G. § 2L1.2 in place at that time). Nevertheless, the 48-month sentence the

---

[2] The PSR described Dominguez-Rodriguez's prior offense as follows: "According to a Miami-Dade Police Department ... report, the defendant is the victim's stepfather and resided with the victim, age 12. The victim stated that from 1987, when she was 9 years old, until February 1990, she was sexually molested by the defendant. The victim advised that the defendant would fondle her buttocks, breasts, and vaginal area, outside and inside her clothing. The defendant also exposed his penis to the victim and asked the victim to touch it. The victim advised that the sexual assault would occur inside of the residence when they were alone together. The victim also stated ... that on two or three occasions, the defendant penetrated her vagina with his finger. On March 28, 1990, the victim was examined at the rape treatment center. Physical evidence was discovered that corroborated the victim's story. The victim stated that the sexual assault would occur once or twice per week."

district court imposed via variance is nearly identical to the top of the Guidelines range where the prior crime is a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A) and note 1(B)(iii) (crime of violence includes "sexual abuse of a minor"). It is clear that the district court based its sentencing upon an assessment that the severity of the prior crime, whether or not it precisely fit the contours of the "crime of violence" language in the Guidelines, warranted a sentence of the magnitude imposed by the Guidelines for a crime of violence. Because of the close correspondence between Dominguez-Rodriguez's prior crime of sexual assault against his 9-year-old stepdaughter and the Guidelines' inclusion of "sexual abuse against a minor" as a crime of violence, such an assessment is well within the discretion afforded to the district court in sentencing. Furthermore, it was within the district court's discretion to weigh the defendant's criminal history and character more heavily than the mitigating circumstances raised by defense counsel at the sentencing hearing.

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED