**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4522**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

MEYKIUM A. SIRIAS RIVERA,

              Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:07-cr-00200-JAB-16)

Submitted: September 3, 2009      Decided: March 23, 2010

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Clarke Speaks, SPEAKS LAW FIRM, PC, Wilmington, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Meykium A. Sirias Rivera pled guilty pursuant to a plea agreement to one count of bulk cash smuggling, in violation of 31 U.S.C. § 5332(a)(1) (2006). The district court sentenced Rivera to 33 months' imprisonment. He now appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Rivera has filed a document we construe as a pro se supplemental brief. We affirm.

To the extent that Rivera claims that his prosecution violated the Constitution's prohibition against double jeopardy, this claim is meritless. The Double Jeopardy Clause of the Fifth Amendment protects a defendant against "a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Martin, 523 F.3d 281, 290 (4th Cir.) (internal quotation marks omitted), cert. denied, 129 S. Ct. 238 (2008). Rivera, however, fails to point to any cumulative punishments or successive prosecutions in this case.

Next, Rivera suggests that the district court violated his due process rights by imposing a sentence of imprisonment instead of ordering that he be deported. This claim is also without merit, as the district court had no authority to order

2

Rivera's deportation.  See United States v. Xiang, 77 F.3d 771, 772-73 (4th Cir. 1996).

Finally, as to Rivera's claim that trial counsel rendered ineffective assistance, this claim is more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009), unless counsel's alleged ineffectiveness conclusively appears on the record.  See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  After review of the record, we find no conclusive evidence that counsel rendered ineffective assistance, and accordingly decline to consider the claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.[*] We therefore affirm the district court's judgment.  This court requires that counsel inform Rivera, in writing, of the right to petition the Supreme Court of the United States for further review.  If Rivera requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

---

[*] Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the requirements of Fed. R. Crim. P. 11 in accepting Rivera's guilty plea and that the court's omissions did not affect Rivera's substantial rights.  See United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).  Further, we discern no abuse of discretion by the court in imposing the 33-month sentence.  See Gall v. United States, 552 U.S. 38, 41, 51 (2007).

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rivera.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED