# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2023

Lyle W. Cayce
Clerk

No. 21-40525

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Villanueva-Cardenas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CR-2114-1

Before Graves, Ho, and Duncan, *Circuit Judges*.

Per Curiam:

Jose Villanueva-Cardenas pled guilty without a plea agreement to being unlawfully present in the United States after removal, in violation of 8 U.S.C. § 1326. The district court sentenced Villanueva-Cardenas within the Guidelines range to 27 months of imprisonment and imposed a three-year term of supervised release.[1] The district court imposed a special condition of

---

[1] Villanueva-Cardenas's revocation proceedings were held in conjunction with his sentencing hearing for the illegal reentry offense. The Federal Public Defender filed a motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967), in the revocation matter, and this court granted the motion and dismissed the appeal. *See United*

No. 21-40525

supervised release requiring that Villanueva-Cardenas be surrendered to immigration officials for deportation proceedings after his release from confinement and that, if officials decline to take custody of Villanueva-Cardenas, he immediately depart the United States and return to Mexico. Villanueva-Cardenas argues that the judgment should be amended to exclude the "self-deport" condition because the district court lacked the authority to impose this condition under 18 U.S.C. § 3583(d).[2] *United States v. Quaye*, 57 F.3d 447, 449–51 (5th Cir. 1995). The Government agrees.

In a recent opinion, this court held that a district court "lack[s] authority under § 3583(d) to order [a defendant] to self-deport as a condition of supervised release." *United States v. Badillo*, 36 F.4th 660, 661 (5th Cir. 2022). Similarly here, the district court exceeded its authority by ordering Villanueva-Cardenas to self-deport as one of his conditions of supervised release.

The judgment is VACATED in part and the case is REMANDED for the entry of a new written judgment without the special condition requiring that Villanueva-Cardenas depart from the United States.

---

*States v. Villanueva-Cardenas*, 2022 WL 866292, at *1 (5th Cir. Mar. 23, 2022) (unpublished).

[2] Villanueva-Cardenas did not object to the condition of supervised release. Typically, when a defendant does not object to a condition of supervised release when the defendant has notice of the condition and an opportunity to object, we review the imposition of the condition for plain error only. *See United States v. Diggles*, 957 F.3d 551, 559–60 (5th Cir. 2020) (en banc). Villanueva-Cardenas argues that *de novo* review should apply, because he challenged the district court's authority on constitutional grounds. We decline to reach this argument since the judgment should be reformed regardless of the applicable standard of review.

No. 21-40525

Stuart Kyle Duncan, *Circuit Judge*, joined by James C. Ho, *Circuit Judge*, concurring in the judgment:

In *United States v. Badillo*, 36 F.4th 660 (5th Cir. 2022), a panel of our court recently held that district judges lack authority to order an alien to self-deport as a condition of supervised release. *Id.* at 661. Because *Badillo* controls here, I concur in the judgment.

I write separately, however, because *Badillo*'s holding is hard to square with the plain text of the governing statute. *See* 18 U.S.C. § 3583(d). That statute says that a district court can impose "*any*" condition it deems "appropriate," as long as it makes the relevant findings specified by subsections (1)–(3). *Id.* § 3583(d) (emphasis added). It further explains that "[i]f an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." *Ibid.* Nothing about that language plainly excludes a district court's authority to order self-deportation.

Almost three decades ago, in *United States v. Quaye*, 57 F.3d 447 (5th Cir. 1995), this court observed that § 3583(d) only "authorizes district courts to '*provide*,' not '*order*,' that an alien be deported and remain outside the United States." *Id.* at 449 (emphases added). This meant that district courts could only order that an alien be surrendered to immigration officials for deportation. *Ibid.* (quoting *United States v. Sanchez*, 923 F.2d 236, 237 (1st Cir. 1991) (per curiam)). It is then up to the immigration officials to decide whether to carry out the actual deportation. *Ibid.* Simply put, courts could not "order the Attorney General to deport the defendant if she chose not to do so." *Ibid.* This holding was understandably rooted in separation-of-powers concerns; courts should not intrude on what has been traditionally regarded as an executive prerogative. *See id.* at 449–50.

*Badillo* took this reasoning a step further, relying on *Quaye* to find that § 3583(d) does not authorize district courts to order that an alien "immediately depart the United States and return to Mexico," in the event that immigration officials *decline* to take custody of him. *Badillo*, 36 F.4th at 661. But ordering an alien to leave the country on his own power is different from ordering immigration officials to deport him. For one thing, it does not implicate *Quaye*'s separation-of-powers concerns; ordering an alien to remove *himself* from the country does not compel the Executive Branch to do anything. It is also not foreclosed by § 3583(d). Section 3583(d) authorizes district courts to (1) "provide" that *immigration officials* deport an alien, and (2) "order" the alien's surrender to immigration officials. Nothing about that is inconsistent with an order that the alien remove *himself* from the country—especially where immigration officials, for whatever reason, fail to take custody of the alien. So, because an order to self-deport is consistent with both this text and with the separation of powers, I question whether *Badillo* was right to exclude such orders from a district court's otherwise broad authority under § 3583(d) to impose "any" appropriate condition.

Notably, in *Badillo*, the government "conceded error under *Quaye*." *Badillo*, 36 F.4th at 661. The government's concession obviously does not bind our court's reading of the statute. Moreover, Badillo had argued that self-deportation was plainly erroneous because it was "not reasonably related" to the § 3553(a) factors. *Ibid.* I fail to see any error, much less plain error, in the self-deportation condition. Badillo spent three years in prison for illegally reentering the United States. *Id.* at 660. It is directly relevant to the § 3553(a) factors to require him—should immigration officials fail to do their jobs—to leave the country on his own steam. *See, e.g.*, § 3553(a)(1) (sentencing court shall consider, *inter alia*, "the nature and circumstances of the offense").